UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DHIA S. KALASHO,**

      **Petitioner,**

                                  Case No. 1:06-CV-556

v.

                                  Hon. ROBERT HOLMES BELL

**UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,**

      **Respondent.**

                                    /

**REPORT AND RECOMMENDATION**

Petitioner is currently detained pending his removal from the United States. He contends that his detention is illegal and has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is now before the court on respondent's motion to dismiss (docket no. 3).

      **I.**      **Factual and Procedural Background**[1]

Petitioner is a citizen of Iraq. Petitioner was ordered removed from the United States on March 28, 2003. *See* Declaration of Lasal Austin at ¶ 1 (docket no. 4).[2] Petitioner was

---

[1] The parties have not provided the court with a complete administrative record of petitioner's deportation proceedings. The court will consider the administrative record in this case to consist of the documents attached to the parties' pleadings and briefs and other matters of record in petitioner's previous habeas suit, *Kalasho v. Wrona*, No. 1:05-cv-50 (W.D. Mich.).

[2] Officer Austin is a deportation officer employed by the Immigration and Customs Enforcement Office ("ICE") of the Department of Homeland Security. The court will adopt the chronology as set forth in Officer Austin's declaration unless petitioner has disputed a particular fact in an affidavit or sworn declaration.

apparently incarcerated shortly after that date.³ In a previous suit seeking habeas relief, petitioner alleged that he was ordered deported in or about September 1993 due to his convictions and placed in INS custody on September 23, 2004. *See Kalasho v. Wrona*, No. 1:05-cv-50 (W.D. Mich.) ("*Kalasho I*"). ICE reviewed petitioner's custody status and issued a decision on December 22, 2004, which stated in pertinent part:

> You are not being released because you are considered to be a threat to society and to the welfare of others which is evidence with the [] your criminal background and disregard for the law. You also have shown no proof of self-rehabilita[t]ion for your substance abuse problems. If released you were going to reinsert yourself into the same environment you previously failed in.

*Kalasho I* (ICE letter (Dec. 22, 2004) attached to petition). Petitioner filed a petition for habeas corpus relief on January 20, 2005. *See Kalasho I*. He was released from federal custody pursuant to an order of supervision on February 17, 2005. Austin Decl. at ¶ 2. This court dismissed *Kalasho I* on December 22, 2005.

The Department of Homeland Security took petitioner back into custody after he was arrested on the federal charge of possession with intent to distribute ecstasy. *Id.* During his arrest, petitioner was found to have a weapon in his possession. *See* ICE letter (May 19, 2006) attached to Austin Decl. as Exh. C. ICE determined that petitioner had violated the conditions of his order of supervision and revoked his supervision on or about May 19, 2006. *Id.*

Petitioner filed the present habeas petition on August 3, 2006. Petitioner ostensibly seeks relief on the ground that he has been detained for an unreasonable amount of time pending his

---

³ An offender search in the Michigan Department of Corrections (MDOC) website indicates that Dhia Shakir Kalasho (d/o/b 11/20/58) has previously been sentenced for drug offenses committed on September 22, 1993, October 27, 1993, May 7, 2001(four), and December 15, 2002 (two). *See* Offender Tracking Information System (OTIS), www.michigan.gov/corrections. OTIS further indicates that petitioner was discharged from the MDOC on September 12, 2005. *Id.*

deportation in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, petitioner's handwritten claims make it clear that he contests the grounds for his deportation. Specifically, petitioner contends that he is an American citizen because he was under the age of 18 when his mother became a naturalized citizen on March 31, 1975. *See* docket nos. 1, 7.

The federal charges were dismissed without prejudice. Austin Decl. at ¶ 3. However, while petitioner was in federal custody, a routine warrant search uncovered an outstanding state court warrant against petitioner for failure to appear on felony drug charges. *Id.* Respondent released petitioner from federal custody on August 22, 2006 into the custody of Michigan state authorities, and he was taken to the Macomb County Detention Facility in Mt. Clemens, MI. *Id.* at ¶ 4. At some point, the state released petitioner back into federal custody.[4] Respondent has advised the court that it is detaining petitioner at the Wayne County Jail, Dickerson Facility, Hamtramck, Michigan. *Id.* at p. 2.

## II.    Standard of Review

Petitioner seeks relief under 28 U.S.C. §2241, which authorizes federal district courts to grant writs of habeas corpus to prisoners "in custody." *See* 28 U.S.C. § 2241(c). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for a writ of habeas corpus under § 2241 is appropriate for raising statutory and constitutional challenges to post-removal-period detention. *Zadvydas*, 533 U.S. at 688; *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003).

---

[4] On September 22, 2006, respondent informed its counsel that it has retaken custody of petitioner. Reply Brief at p.1.

### III.  Respondent's motion to dismiss

Respondent seeks to dismiss the petition on four grounds.  First, the petition is moot because petitioner is no longer in federal custody.  Second, the petition fails to name a proper respondent.  Third, the petition is premature.  Fourth, petitioner improperly seeks a district court review of his order of removal.

Respondent's motion to dismiss includes a number of documents in addition to Officer Austin's declaration.  Given the extent of the factual record in this case, the court will construe respondent's motion to dismiss as a motion for summary judgment.  *See*  Fed. R. Civ. P. 12(b).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

**IV.     Discussion**

      **A.     Petition is not moot**

Respondent has withdrawn its contention that the petition is moot, pointing out that petitioner is, once again, in federal custody. Accordingly, it is unnecessary to address that contention.

      **B.     Appropriate venue and respondent**

When petitioner filed his petition in this court, he was being held at the Calhoun County Jail in Battle Creek, Michigan. His petition was properly filed in the Western District of Michigan. "Federal prisoners may file a § 2241 petition in which they challenge the execution or manner in which the sentence is served only in the district court having jurisdiction over the prisoner's custodian." *White v. Lamanna*, 42 Fed. Appx. 670, 671 (6th Cir. 2002), *citing Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) and *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991) and *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Respondent has advised the court that petitioner is currently in federal custody in Hamtramck, Michigan, which lies in the Eastern District of Michigan. Although petitioner is now being held in the Eastern District, his petition is still properly before this court. "A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending." *White*, 42 Fed. Appx. at 671.

Respondent correctly points out that petitioner has not named his custodian as the appropriate respondent. Because petitioner was held at the Calhoun County Jail, the proper respondent was his custodian, the Calhoun County Sheriff. *See Rumsfield v. Padilla,* 542 U.S. 426,

5

439 (2004) ("[i]n challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent").

Although petitioner has failed to name the appropriate respondent, a dismissal is not warranted in this case. When petitioner filed his petition in August 2006, he was being detained in the Western District. He could have amended the petition to name the appropriate respondent. Although petitioner has been involuntarily transferred to a detention facility in the Eastern District, he could still amend his petition to name the new respondent. This is not a case where a habeas petitioner has engaged in venue shopping by naming numerous government officials as respondents and filing the petition in a federal district other than the one in which he is detained. The court could dismiss the petition without prejudice for failing to name the appropriate respondent and require petitioner to amend it. However, it is unnecessary for this court to entertain such an amendment, because the petition is without merit.

### C. The petition is premature

I agree with respondent that the petition is premature. Petitioner contends that his detention is illegal because it violates his constitutional rights as set forth in *Zadvydas*. In that decision, the Supreme Court held that the indefinite detention of a removable criminal alien after a removal proceeding would violate due process under the Fifth Amendment. *See Zadvydas*, 533 U.S. at 682, 690; *Ly*, 351 F.3d at 267. The Supreme Court therefore "construed IIRIRA [Illegal Immigration Reform Act of 1996] as not requiring indefinite incarceration, by imposing a reasonable time limit (six months), supervised by the federal courts in habeas proceedings, on the amount of time that a deportable criminal alien may be detained after a determination as to removability has been made, unless the government asserts a 'strong special justification' for the detention." *Ly*, 351

F.3d at 267, *citing Zadvydas*, 533 U.S. at 690.  *Zadvydas* "stands for the proposition that detaining an alien requires more than the rationality of a general detention statute; any justification must go to the alien himself."  *Demore v. Kim*,  538 U.S. 510, 552-553 (2003).  After six months, "the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'"  *Clark v. Martinez*,  543 U.S. 371, 377-378 (2005), *citing Zadvydas*, 533 U.S.  at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 533 U.S. at 701.

The IJ ordered petitioner to be removed on March 28, 2003.  Petitioner was released pursuant to an order of supervision entered  February 17, 2005, which he apparently violated. Petitioner is apparently now being detained because he violated the order of supervision.  *See* Order of Supervision - Addendum (docket no. 4) (providing that  "[a]ny violation of the above conditions [in the Order of Supervision - Addendum] may result in you being taken into Service custody and you being criminally prosecuted").  Based on this record, the court concludes that the six month presumption of reasonableness as set forth in *Zadvydas* should apply to petitioner's current detention, which resulted from his violation of the order of supervision.

The record reflects that petitioner was detained for approximately three months, from May 19, 2006 through August 22, 2006.  After that date, he was released into state custody.  The

federal government took custody of petitioner on or about September 22, 2006. As of the date of this report and recommendation, petitioner has presently been in federal custody for less than six months. Accordingly, his present detention is presumptively reasonable.

### D. Petitioner's challenge to his order of removal is improper

Even if petitioner had been held for more than six months, he has not provided a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701. Rather, petitioner contests his order of removal, claiming that he became an American citizen when his mother was naturalized in 1975. In petitioner's words:

> INA 320 automatically makes minors citizen when their parents becomes citizen, and I was only 16 years of age at the time, and no additional application is needed.
>
> The habeas petition should not be moot, but resolved for my citizenship, and my release, and not be harassed, or taken into custody by homeland security for deportation proceeding ever again since I am a U.S. citizen.

Document entitled "Relief Sought" (docket no. 7).

The record is incomplete with respect to the events which led to petitioner's 2003 order of removal. However, petitioner previously stated that the order arose from his eight criminal convictions. *See Kalasho I.* The IJ's order states that petitioner failed to attend his removal hearing and that "[t]he Immigration and Naturalization Service submitted documentary evidence relating to the respondent which established the truth of the factual allegations contained in the Notice to Appear." Removal order (docket no. 4). Based on this evidence, the IJ found "removability established as charged." *Id.*

It is unclear why petitioner did not appeal the removal order. Nevertheless, this court does not have jurisdiction to decide petitioner's claim that he is a citizen of the United States. As respondent points out, under the amended provisions of 8 U.S.C. § 1252(a)(5) (the REAL ID Act of 2005), the "sole and exclusive means for judicial review of an order of removal" is a petition for review to the appellate court. *See Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2005). The present petition for writ of habeas corpus, which was filed after the enactment of the REAL ID Act (May 11, 2005) cannot be transferred to the court of appeals and must be dismissed. *Chen v. Gonzalez*, 435 F.3d 788, 790 (7th Cir. 2006).

### V.     Recommendation

Accordingly, I respectfully recommend that respondent's motion to dismiss (docket no. 3) be **GRANTED** and that the habeas petition be **DISMISSED**.

Dated:  January 11, 2007                               /s/ Hugh W. Brenneman, Jr.
                                                       Hugh W. Brenneman, Jr.
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).